Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| DIANA TERESA DÍAZ CRUZ<br><br>EX PARTE<br><br>Recurrida<br><br>Vs.<br><br>PROCURADORA DE ASUNTOS DE FAMILIA<br><br>Peticionaria | TA2026CE00113 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala: 506<br><br>Caso Núm. SJ2024RF00655<br><br>Sobre:<br><br>AUTORIZACIÓN JUDICIAL |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de febrero de 2026.

Comparece la parte peticionaria, la Oficina del Procurador General de Puerto Rico, en representación del Ministerio Público, a través de la Procuradora de Asuntos de Familia, y solicita la revocación de la *Resolución* notificada 21 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Por vía del dictamen recurrido el foro primario declaró "Ha Lugar" la Petición de Autorización Judicial, presentada el 17 de mayo de 2024 por la parte recurrida, la señora Diana Teresa Díaz Cruz.

*-I-*

En este caso el señor David E. Díaz Cataldo otorgó un testamento. Dispuso un legado de 3.25% participación del tercio de libre disposición a su hermana, la señora. Enriqueta Díaz Viuda de Gibson. El señor Díaz Cataldo falleció, la señora Díaz Viuda de Gibson falleció posteriormente, esta dejó seis herederos. La señora Díaz Viuda de Gibson otorgó testamento en el Estado de Virginia

designó como albacea a una de sus hijas, la señora Suzanne Szatkouski. En la vista de Estado de los Procedimientos celebrada el 10 de julio de 2024 quedó trabada la controversia que, propició la presentación del recurso de título. A saber, si la albacea de la sucesión de la señora Díaz Viuda de Gibson podía comparecer en representación de los miembros de la sucesión para cobrar el legado dejado por el señor Díaz Cataldo a la señora Díaz Viuda de Gibson o si cada uno de ellos debía comparecer personalmente, mediante declaración jurada o poder. El 11 de octubre de 2024 el tribunal celebró la "Vista de Autorización Judicial" las partes presentaron prueba documental y el testimonio del defensor judicial, los peritos tasadores, y la peticionaria, el asunto quedó sometido. El 21 de marzo de 2025, el Tribunal de Primera Instancia dictó la resolución recurrida, declaró "Ha Lugar" la petición de autorización judicial.

El 7 de abril de 2025 la parte peticionaria solicitó reconsideración, pero fue denegada por el foro primario. El 15 de mayo de 2025 la parte peticionaria presentó un recurso de *certiorari* (KLCE202500535) para cuestionar la resolución dictada el 15 de abril de 2025. El recurso fue desestimado por prematuro por falta de notificación de la resolución recurrida al defensor judicial de la señora Yolanda Díaz Cruz. Subsanado el defecto, comparece nuevamente la parte peticionaria para cuestionar la resolución apelada, señala el siguiente error:

> Erró el foro primario al conceder la Petición sobre Autorización Judicial, aun cuando todos los legatarios son parte indispensable del caso y no han sido debidamente acumulados.

Procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

## -II-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -III-

El estudio preciso del expediente nos mueve a no intervenir con la *Resolución* recurrida. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto solicitado.

### -IV-

Por los fundamentos antes expuestos, *denegamos* expedir el recurso extraordinario promovido. El Tribunal de Primera Instancia puede continuar el caso sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones